# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

RICKY GLENDALL DAVIS,        )
)
      Plaintiff,            )
)
v.                            )       Civil Action No. 3:09CV274-HEH
)
TIMOTHY A. SMITH, *et al.*,     )
)
      Defendants.         )

## MEMORANDUM OPINION
### (Dismissing Certain Claims; Ordering Service of Amended Complaint)

Plaintiff, a Virginia inmate, brings this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. PROCEDURAL HISTORY

The Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's claims be dismissed. In response, Plaintiff has filed both Objections and an Amended Complaint. Plaintiff's Objections lack merit. Plaintiff's Amended Complaint, however, contains a single arguably meritorious claim, and will be allowed to proceed.

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs can not satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Plaintiff brings this action against Defendants Timothy A. Smith and J.R. Rivera, Officers of the Suffolk Police Department, for conducting an illegal search and seizure in violation of Plaintiff's rights under the Fourth Amendment.[1] Plaintiff alleges that, on August 21, 2007, he was visiting a relative who lived in low-income housing. Plaintiff left his relative's house to discover Defendants examining his vehicle. Defendants explained that they were checking whether the vehicle was stolen and asked Plaintiff how he could afford such a vehicle. Plaintiff told the officers to stop harassing him, got into his car, and drove away. Shortly thereafter, Defendants initiated a traffic stop on the grounds that Plaintiff was violating the terms of his restricted driver's license. Plaintiff refused to sign a summons because Defendants did not explain why they had pulled him over. Defendants then arrested Plaintiff. Plaintiff then agreed to sign the summons but was told that it was too late.

Defendants searched Plaintiff's trunk. The complaint does not disclose what was found. However, Plaintiff was subsequently convicted by a jury on one count of possessing explosive material after a felony conviction and one count of threatening to burn or bomb. Plaintiff claims that Defendants' actions "have resulted in (1) an unlawful detainer; (2) a serious financial debt that consists of student loans, a repossessed vehicle, unpaid taxes, and medical bills; (3) job lost; [and,] (4) incarceration which has left me depressed and in need of counseling." (Compl. 5 (capitalization, spelling, and punctuation corrected).) Defendant seeks damages in the amount of $2,000,000.

On June 16, 2009, the Court ordered Plaintiff to show cause for not dismissing his claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases. *See e.g.*, *Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002) (explaining that convicted criminal defendant who brings a civil suit which, if successful, would "'necessarily imply the invalidity of his conviction or sentence'" fails to state a claim unless he shows that "his 'conviction or sentence has already been invalidated'" (*quoting Heck*, 512 U.S. at 486-87)). On July 7, 2009, Plaintiff filed a response. Plaintiff asserts that he has "been rewarded an appeal" by the Court of Appeals of Virginia. (Mot. to Show Cause 1.) Plaintiff's submissions, however, show that the Court of Appeals of Virginia has merely decided to determine the issue of "Whether the trial court erred in finding that Code § 18.2-308.2 was applicable to the seized

---

[1] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV.

3

cartridges as explosive material." *Davis v. Commonwealth*, No. 3073-08-01 (Va. Ct. App. May 5, 2009). Because Plaintiff's conviction has not been invalidated, this action may proceed only if Plaintiff's suit does not imply the invalidity of his conviction.

Plaintiff's complaints necessarily impugn the validity of his conviction and sentence.[2] Indeed, Plaintiff seeks to hold Defendants liable for his allegedly unlawful current incarceration and the consequences thereof. Because his claim is premised on the illegality of his incarceration, his claims necessarily imply the invalidity of his conviction. *See Baxter v. Crawford*, 233 F. App'x 912, 916 (11th Cir. 2007) (No. 06-15375), *available at* 2007 WL 1470254, at *4. Accordingly, it is RECOMMENDED that this action be DISMISSED.

(September 15, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. On September 28, 2009, the Court received from Plaintiff a motion for an extension of time, which was subsequently granted. Petitioner has timely filed objections and an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing*

---

[2] For example, the Supreme Court has explained that, due to doctrines such as independent source, inevitable discovery, and harmless error, not every Fourth Amendment violation *necessarily* implies that a plaintiff's conviction was unlawful. *See Heck*, 512 U.S. at 487 n.7 (citing cases). The Supreme Court further emphasized that "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* (internal citation omitted).

*Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of

objections to a magistrate's report enables the district judge to focus attention on those

issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474

U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the

magistrate judge's recommendation to which Petitioner does not raise a specific

objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir.

2005).

## III. PLAINTIFF'S RESPONSES TO THE REPORT AND RECOMMENDATION

Plaintiff has filed an Amended Complaint, along with Objections to the Report and

Recommendation. In his Objection to the Report and Recommendation, Plaintiff

continues to argue that his conviction is invalid. For the reasons stated in the Report and

Recommendation, this Court may not, in this action, determine that Plaintiff's conviction

is invalid. Plaintiff also argues, without citation to authority, that he may challenge the

Defendants' "false arrest, use of excessive force, and unconstitutional searches and

seizures" without violating the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

(Objections 1.) Although, as discussed below, Plaintiff's assertion is true in some

instances, in the original Complaint Plaintiff only sought damages for events caused by

his allegedly wrongful conviction and subsequent imprisonment. Any victory by Plaintiff

would have necessitated a finding that his conviction was unlawful. Plaintiff's objections

to the Report and Recommendation will be OVERRULED. The Report and

Recommendation will be ACCEPTED AND ADOPTED as to the claims in Plaintiff's

original Complaint. Nevertheless, this action will not be dismissed because a Plaintiff's

Amended Complaint, which was not previously reviewed, contains a claim that is not

appropriately dismissed at this juncture.

Plaintiff's Amended Complaint omits most of the detail found in his original

Complaint.[3] Plaintiff's allegations are reproduced verbatim below:

> **Facts**
> **(1)** On August 21, 2007 in the City of Suffolk, Virginia
> Defendants Timothy A. Smith and J.R. Rivera, acting under
> the color of State-Law engaged in an Fourth Amendment
> right violation of the Plaintiff's. (1) The Defendants arrested
> the Plaintiff for a Traffic violation, "a unreasonable seizure."
> (2) The Defendants then concluded a search of the Plaintiffs
> vehicle without consent areas of privacy interest.
> [citation to the Fourth Amendment of the United States
> Constitution]
> **(2)** Upon the search of Plaintiff's trunk compartment and
> passengers the Defendants discover a box of ammunition and
> charge the Plaintiff with felony possession of explosive
> materials. (1) This action violated the Plaintiff's
> constitutional right to be free from malicious prosecution and
> has left the Plaintiff incarcerated.

(Am. Compl. 5.) A third paragraph alleges intent to violate his rights:

---

[3] The Court admonished Plaintiff that any amended complaint "must set forth . . . a
short statement of the facts giving rise to each claim against each defendant," and that "[a]ny
amended complaint will supplant . . . all prior submissions [and] must stand or
fall of its own accord." (Report and Recommendation 5.) Thus, the Court will evaluate the
claims in the Amended Complaint with reference to the facts alleged therein only.

6

(3)     Each of the Defendants separately and in concert acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert, acted wilfuly, knowingly and purposefully with the specific intent to deprive Plaintiff, Ricky G. Davis of his right to freedom from illegal seizure of his person, freedom from unlawful arrest without evidence in support thereof, and freedom from illegal detention and imprisonment. All of these rights are secured to the Plaintiff by the due process clause of the Fourth and Fourteenth Amendments to the Constitution of the United States and by [42 U.S.C. § 1983.]

(Am. Compl. 5.)

The Amended Complaint raises the following claims:

Claim One     "unlawful arrest"

Claim Two     "unreasonable searches and seizures"

Claim Three   "use of excessive force"

Claim Four    "false imprisonment / malicious prosecution"

Claim Five    "statutory violation"

Claim Six     "compensatory and punitive damages"

(Am. Compl. 5.) Plaintiff seeks damages of $2,000,000.

Plaintiff's conclusory allegations in the third paragraph that Defendants violated his rights are not entitled to presumption of accuracy. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Plaintiff's remaining allegations are insufficient to raise any plausible inference that Defendants lacked probable cause to seize or arrest him. *See United States v. McNeill*, 484 F.3d 301, 310-11 (4th Cir. 2007) (citing cases for proposition that police

may arrest an individual who has committed even a minor infraction of law in an officer's presence). Plaintiff's malicious prosecution claim is similarly unsupported. *Lambert v. Williams*, 223 F.3d 257, 261-62 (4th Cir. 2000) (explaining that, in action for malicious prosecution, a plaintiff must show both lack of probable cause for initiating proceedings and termination of proceedings in manner favorable to plaintiff); *see also Snider v. Seung Lee*, 584 F.3d 193, 206 (4th Cir. 2009) (Stamp, J., concurring) (citing cases for proposition that independent decision by prosecutor or other intermediary insulates law enforcement officer from liability for malicious prosecution). With respect to Claim Three, Plaintiff does not indicate that Defendants used *any* force against him, much less excessive force. Finally, Plaintiff's claims of "statutory violation" and "compensatory and punitive damages" do not identify with sufficient particularity the alleged violations for which Plaintiff seeks relief. Claims One, Three, Four, Five, and Six will be DISMISSED.

Plaintiff's Amended Complaint does, however, arguably state a Fourth Amendment claim regarding the search of his trunk incident to his arrest for a traffic violation. *See Arizona v. Gant*, 129 S. Ct. 1710, 1719-20 (2009) (finding violation of Fourth Amendment where officers performed warrantless search incident to arrest for driving with a suspended license). This violation, if proven, would not *necessarily* imply the invalidity of Plaintiff's conviction because the ammunition could have been discovered in a subsequent lawful inventory search following Plaintiff's arrest and the

8

impound of his vehicle. *See Heck*, 512 U.S. at 487 n.7 (explaining that where the doctrine of inevitable discovery applies, the Fourth Amendment violation does not necessarily imply the invalidity of the conviction); *United States v. Allen*, 159 F.3d 832, 841 (4th Cir. 1998) (explaining inevitable discovery doctrine applies where subsequent search would have uncovered evidence, and that search falls within the inventory search exception to the warrant requirement (citing *United States v. George*, 971 F.2d 1113, 1121-22 (4th Cir. 1992))); *c.f. Ballenger v. Owens*, 352 F.3d 842, 847 (4th Cir. 2003) (finding that, where all evidence of crime arose after initial illegal traffic stop, successful lawsuit would necessarily imply invalidity of plaintiff's conviction). The important difference from the original Complaint is that Plaintiff does not in the Amended Complaint seek damages solely for events caused by his allegedly wrongful conviction and sentence. Unlike Plaintiff's first effort, the Amended Complaint can be read to seek relief for the violation of Plaintiff's Fourth Amendment rights independent from any allegedly unlawful arrest resulting therefrom. Thus, Claim Two of the Amended Complaint should not be dismissed at this juncture.

Claims One, Three, Four, Five, and Six of the Amended Complaint will be

DISMISSED WITHOUT PREJUDICE. Claim Two of the Amended Complaint will

proceed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
**United States District Judge**

Date:_Jan. 22, 2010_
Richmond, Virginia

/s/

Henry E. Hudson
United States District Judge