IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKY GLENDALL DAVIS, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:09CV274–HEH
)
TIMOTHY A. SMITH, *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION**
**(Granting Defendants' Motion for Summary Judgment, Denying Plaintiff's Motion for Summary Judgment, and Dismissing Action)**

Plaintiff, a Virginia inmate, brought this civil action for damages pursuant to 42 U.S.C. § 1983 against Suffolk Police Department officers Timothy A. Smith and J.R. Rivera (collectively, "Defendants"). Plaintiff filed an Amended Complaint on October 9, 2009. On February 18, 2010, Defendants filed a Motion to Dismiss Pursuant to 12(b)(6) or in the Alternative Motion for Summary Judgment.[1] In response, Plaintiff filed his own Motion for Summary Judgment. These matters are ripe for judgment.

For the reasons stated below, Defendants' Motion for Summary Judgment will be granted; Plaintiff's Motion for Summary Judgment will be denied; and Plaintiff's action will be dismissed without prejudice.

---

[1] Because the Court considers the affidavits submitted by the parties, the Court will treat Defendants' Motion as a motion for summary judgment.

## I. PROCEDURAL HISTORY

In his original complaint, Plaintiff alleged, *inter alia*, that Defendants illegally arrested him and searched his car.[2] Plaintiff claimed that Defendants' actions "resulted in (1) an unlawful detainer; (2) a serious financial debt that consists of student loans, a repossessed vehicle, unpaid taxes, and medical bills; (3) job lost; [and] (4) incarceration which has left me depressed and in need of counseling." (Pl.'s Compl. 5 (capitalization, spelling, and punctuation corrected).)[3] Plaintiff sought to recover damages in the amount of $2,000,000.

Pursuant to the Court's obligation to review any complaint filed by a prisoner and dismiss claims that are frivolous or fail to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2), the Magistrate Judge entered a Report and Recommendation ("R&R") on September 15, 2009, in which she concluded that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and recommended that the action be dismissed.[4] Plaintiff objected to the R&R and filed an amended complaint.

---

[2] Plaintiff's original Complaint did not disclose what was found as a result of the search. Plaintiff subsequently acknowledged that he was convicted of possession of explosive material by a convicted felon in violation of section 18.2-308.2 of the Virginia Code for a box of bullets that was seized from the trunk of his vehicle. (Pl.'s Mem. Law Supp. Pl.'s Mot. Show Cause, July 7, 2009, at 1.)

[3] Because Plaintiff's Complaint and Amended Complaint are not adequately paginated, the Court employs the pagination from the Court's electronic docketing system when citing to those documents.

[4] In *Heck*, the Supreme Court held that a convicted criminal defendant who brings a civil suit which, if successful, "would necessarily imply the invalidity of his conviction or sentence" fails to state a claim unless he shows that his "conviction or sentence has already been

2

On January 22, 2010, this Court overruled Plaintiff's objections and adopted the R&R as it pertained to the claims in the original complaint. The Court also reviewed the Amended Complaint under 28 U.S.C. § 1915(e)(2).

In the Amended Complaint, Plaintiff alleged:[5]

> **(1)** On August 21, 2007 in the City of Suffolk, Virginia Defendants Timothy A. Smith and J.R. Rivera, acting under the color of State-Law engaged in an Fourth Amendment right violation of the Plaintiff's. (1) The Defendants arrested the Plaintiff for a Traffic violation, "a unreasonable seizure." (2) The Defendants then concluded a search of the Plaintiffs vehicle without consent areas of privacy interest.
>
> . . . .
>
> **(2)** Upon the search of Plaintiff's trunk compartment and passengers the Defendants discover a box of ammunition and charge the Plaintiff with felony possession of explosive materials. (1) This action violated the Plaintiff's constitutional right to be free from malicious prosecution and has left the Plaintiff incarcerated.
>
> **(3)** Each of the Defendants separately and in concert acted outside the scope of their jurisdiction and without authorization of law and each of the Defendants, separately and in concert, acted wilfuly, knowingly and purposefully with the specific intent to deprive Plaintiff, Ricky G. Davis of his right to freedom from illegal seizure of his person, freedom from unlawful arrest without evidence in support thereof, and freedom from illegal detention and imprisonment. All of these rights are secured to the Plaintiff by the due process clause of the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. section 1983.

(Pl.'s Am. Compl. 5.) Based upon these allegations, Plaintiff raised the following claims:

---

invalidated." 512 U.S. at 487.

[5] To avoid confusion and to ensure that Plaintiff's allegations are accurately recounted, lengthy passages from Plaintiff's complaints and memoranda are reproduced verbatim, without correction to errors in spelling, grammar, or punctuation.

3

      Claim One: unlawful arrest;
      Claim Two: unreasonable searches and seizures;
      Claim Three: use of excessive force;
      Claim Four: false imprisonment/malicious prosecution;
      Claim Five: statutory violation; and
      Claim Six: compensatory and punitive damages.

(Pl.'s Am. Compl. 5.) Plaintiff sought $2,000,000 in damages.

With respect to Claims One, Three, Four, Five, and Six, this Court concluded that Plaintiff failed to adequately state a claim upon which relief could be granted, and therefore dismissed those claims. However, the Court declined to dismiss Claim Two at that juncture, noting:

> Plaintiff's Amended Complaint does, however, arguably state a Fourth Amendment claim regarding the search of his trunk incident to his arrest for a traffic violation. *See Arizona v. Gant*, 129 S. Ct. 1710, 1719-20 (2009) (finding violation of Fourth Amendment where officers performed warrantless search incident to arrest for driving with a suspended license). This violation, if proven, would not *necessarily* imply the invalidity of Plaintiffs conviction because the ammunition could have been discovered in a subsequent lawful inventory search following Plaintiff s arrest and the impound of his vehicle. *See Heck*, 512 U.S. at 487 n.7 (explaining that where the doctrine of inevitable discovery applies, the Fourth Amendment violation does not necessarily imply the invalidity of the conviction); *United States v. Allen*, 159 F.3d 832, 841 (4th Cir. 1998) (explaining inevitable discovery doctrine applies where subsequent search would have uncovered evidence, and that search falls within the inventory search exception to the warrant requirement (citing *United States v. George*, 971 F.2d 1113,1121-22 (4th Cir. 1992))) . . . . The important difference from the original Complaint is that Plaintiff does not in the Amended Complaint seek damages solely for events caused by his allegedly wrongful conviction and sentence. Unlike Plaintiff's first effort, the Amended Complaint can be read to seek relief for the violation of Plaintiff s Fourth Amendment rights independent from any allegedly unlawful arrest resulting therefrom.

(Jan. 22, 2010 Mem. Op. 8–9.). Accordingly, the Court allowed Plaintiff to proceed only

4

on Claim Two, and only on the narrow theory explained above.

On February 18, 2010, Defendants filed the instant Motion to Dismiss Pursuant to Rule 12(b)(6) or in the Alternative Motion for Summary Judgment. Because this Court finds that Claim Two is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), summary judgment will be granted for Defendants.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of informing the court of the basis for the motion, and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e)).

5

In reviewing a motion for summary judgment, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Nevertheless, the nonmoving party cannot "'create a genuine issue of material fact through mere speculation or the building of one inference upon another.'" *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985)). Furthermore,"'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)).

## III. ANALYSIS

### A. *Defendants' Motion for Summary Judgment*

In deciding Defendants' Motion for Summary Judgment, the Court considers the affidavits submitted by the parties.[6] Additionally, the Court takes judicial notice of Plaintiff's conviction for possession of explosive material by a convicted felon. *See Stewart v. Tuck*, No. 7:08cv00621, 2009 WL 3614460, at *3 (W.D. Va. Oct. 30, 2009)

---

[6] Plaintiff, who submitted his own affidavit in opposition to Defendants' Motion and affidavits, asserts that he needs further discovery to oppose Defendants' Motion. (Pl.'s Br. Opp'n Resp. Defs.' Mot. Dismiss Alterative Mot. Summ. J. Ex. C [hereinafter Pl.'s Aff.] ¶ 49.) Because Plaintiff fails to adequately explain how the information sought would be sufficient to defeat Defendants' motion for summary judgment, Plaintiff's request will be denied. *Cf. Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995) (holding that even if district court abused discretion in denying plaintiff's Rule 56(f) motion for extension, no prejudicial error resulted because plaintiff failed to point to any information deponents would have given that could have been used to defeat defendant's motion for summary judgment).

(citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)); *Davis v. Commonwealth*, No. 3073-08-1, 2010 WL 271301, at *3 (Va. Ct. App. Jan. 26, 2010).[7]

The facts, according to Defendants, are as follows. On August 21, 2007, Defendant Smith ("Smith") issued a traffic summons to Plaintiff for operating a vehicle outside the terms of Plaintiff's restricted license. (Br. Supp. Defs.' Mot. Dismiss Pursuant to Rule 12(b)(6) or Alterative Mot. Summ. J. [hereinafter Defs.' Summ. J. Br.] Ex. A [hereinafter Smith Aff.] ¶¶ 3, 20, 26.)[8] Smith explained to Plaintiff, "I am issuing you a summons for violating your restricted license, by signing this summons you are not admitting to guilt, you are simply saying that you will come to court." (Smith Aff. ¶ 28.) Plaintiff told Smith that he knew his rights and he was not going to sign the summons. (Smith Aff. ¶ 29.) Smith again asked Plaintiff to sign the summons, and indicated to Plaintiff that if he did not sign the summons then he would be subject to arrest. (Smith Aff. ¶ 30.) Plaintiff again refused to sign the summons. (Smith Aff. ¶ 31.) Smith concluded that Plaintiff's repeated refusal to sign the summons, along with his previous comments and abusive behavior made it apparent that Plaintiff likely would not appear in court if released. (Smith Aff. ¶ 32.) Therefore, Smith and Defendant Rivera ("Rivera") placed Davis under arrest. (Smith Aff. ¶¶ 32, 33; Rivera Aff. ¶¶ 27, 28.)

---

[7] No claims concerning Plaintiff's initial arrest are currently before the Court. To the extent that the Court recites evidence pertaining to Plaintiff's initial arrest, such details are included only to provide context for the analysis of Claim Two.

[8] Rivera's affidavit substantially corroborates Smith's account of the arrest of Plaintiff and the subsequent inventory search of Plaintiff's vehicle. (Defs.' Summ. J. Br. Ex. B. [hereinafter Rivera Aff.].)

Smith and Rivera gave Plaintiff an opportunity to make arrangements for someone to come take possession of his vehicle. (Smith Aff. ¶ 34; Rivera Aff. ¶ 29.) Plaintiff was uncooperative, and no satisfactory arrangement was agreed upon. (Smith Aff. ¶ 35; Rivera Aff. ¶ 29.) Defendants then called a tow truck to take Plaintiff's vehicle away. (Smith Aff. ¶ 36; Rivera Aff. ¶ 30.) According to Rivera, it was necessary to have the vehicle towed because otherwise it would have been left unattended on a public street. (Rivera Aff. ¶ 30.)

For the safety of everyone involved and to prevent claims of loss or theft, standard Suffolk police procedure requires that a complete inventory of the vehicle be conducted before the police have it towed. (Smith Aff. ¶ 37; Rivera Aff. ¶ 31.) During Smith and Rivera's inventory of the vehicle, Smith found a white powdery substance in the passenger compartment, which he suspected to be cocaine. (Smith Aff. ¶¶ 41, 42.) Rivera inventoried the trunk of the vehicle. (Rivera Aff. ¶ 33.) Rivera found a box of ammunition in the trunk. Because Plaintiff is a convicted felon, Plaintiff was subsequently charged with possession of explosives/ammunition by a convicted felon. (Rivera Aff. ¶ 34.)

Plaintiff's account of the events preceding his arrest differs markedly. According to Plaintiff, after Defendants stopped his car, they did not explain to him the reason why they had stopped his car. (Pl.'s Aff. ¶ 23.) Instead, Plaintiff contends that Smith simply presented him with a clipboard and a piece of paper and insisted that Plaintiff sign the paper. (Pl.'s Aff. ¶ 25.) According to Plaintiff:

I asked him to tell me why you pulled me over? Officer Smith never specifically stated to me why he pulled me over until after I was taken out of my vehicle and arrested. Officer Smith was pushing the issue for me to sign the paper and it was raining, but he did not state to me it was a summons until after I was rudely arrested. Officer Smith did not allow me the opportunity to read the paper on the clipboard and I refused to sign something I was not knowledgeable about. I never stated to the officers I will not appear for court. "In fact I have never have missed a court date". After I was intrusively arrested I was told it was a summons for violating his restricted license, and I stated to Officer Smith I will sign the Summons; but was told its too late. Officers Smith and Rivera pulled me out of my vehicle and arrested me. I was then taken to there car and thrown in the back of the patrol car. I was never asked or given an opportunity for someone to come take possession of my vehicle; however I did contact my family and I told the officers they would soon be arriving on the scene. My vehicle was never towed or impounded. It was released to my sister Veronica L. Davis on the scene. The officers did not advise me of Miranda rights until after my vehicle was searched, and incriminating evidence was found this violated my 4th amendment right. The officers conducted a invalid inventory search, because at the plaintiff's bench trial on May 1, 2008 the officers could not recall what items were in my vehicle other than a proscribed medicine bottle and a box of firearm ammunition. This search was not an inventory search. It was conducted outside of my presence and without my consent. I was in handcuffs in the back of the police car, unaware of what was found in my trunk passengers. I never received any copy of the Inventory report nor did the trial court in which plaintiff was convicted for criminal charges.

(Pl.'s Aff. ¶¶ 26–39 (internal paragraph numbers omitted).)

The Court need not resolve these conflicting accounts because, even if Plaintiff could show that the search of his vehicle violated his Fourth Amendment rights, Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.[9]

---

[9] This Court's decision not to dismiss Claim Two under *Heck* in its January 22, 2010 Order in no way precludes the Court from finding that the Claim is barred under *Heck* at this juncture.

In *Heck*, the Supreme Court emphasized that civil tort actions are simply "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (citing *Heck*, 512 U.S. at 484–86).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486–87 (internal footnote omitted). Additionally, "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

On the other hand, if judgment for the Plaintiff on Claim Two would not necessarily imply that Plaintiff's confinement is invalid, then the claim would not be barred by *Heck*. *See id.* As the Supreme Court in *Heck* explained:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and

especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Id.* at 487 n.7 (internal citations omitted).

The Fourth Circuit has emphasized that this passage from *Heck* "does not provide a blanket protection for all § 1983 damage suits alleging an unreasonable search." *Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003). "When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would *necessarily* invalidate the criminal conviction, the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983." *Id.*

In this case, the suppression of the ammunition seized during the search of Plaintiff's vehicle would necessarily imply the invalidity of his conviction for possession of explosive material by a convicted felon. The doctrines of independent source, inevitable discovery, harmless error, and other similar doctrines would not save Plaintiff's conviction. *See id.* at 846–47. As was the case in *Ballenger*, the seized contraband "was uniquely available from the alleged illegal search, and if it were suppressed as evidence, there would be no evidence to convict" Plaintiff for possession of explosive material by a convicted felon. *Id.* at 847. Plaintiff has advanced no theory on which his conviction could stand if the ammunition were suppressed. *Id.* Therefore, Claim Two is barred by

*Heck*.[10] Accordingly, Defendants' Motion for Summary Judgment will be granted, and Claim Two will be dismissed without prejudice. *See Omar v. Chasanow*, 318 F. App'x 188, 189 (4th Cir. 2009) (concluding claims dismissed pursuant to *Heck* should be dismissed without prejudice so the inmate can refile if he later succeeds in overturning the conviction).

B. *Plaintiff's Motion for Summary Judgment*

In opposition to Defendants' Motion for Summary Judgment, Plaintiff filed his own Motion for Summary Judgment, to which Defendants responded.[11] Plaintiff is not entitled to relief on his motion for summary judgment for the reasons stated above—namely, that his remaining claim is barred by *Heck*. Accordingly, Plaintiff's motion for summary judgment will be denied.

## IV. CONCLUSION

For the reasons stated above, Claim Two will be dismissed without prejudice and the action will be dismissed.

---

[10] Plaintiff contends that, pursuant *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the rule in *Heck* does not apply because he may have difficulty setting aside his conviction. This argument is without merit. In *Wilson*, the Fourth Circuit declined to apply the bar in *Heck* to a former prisoner who challenged the improper execution of his sentence. *See id.* at 267–68. The bar in *Heck* still fully applies to Plaintiff, who is currently incarcerated and has post-conviction avenues available for challenging his conviction and sentence. *See Wise v. Toal*, No. 6:09cv00495, 2009 WL 1606498, at *5 n.5 (D.S.C. June 8, 2009).

[11] Plaintiff's Motion for Enlargement of Time to Reply to Defendants's Response (Dk. No. 49) will be granted, and his reply brief filed on June 10, 2010 will be deemed timely.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Sept. 27, 2010
Richmond, Virginia