

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKY GLENDALL DAVIS, )
)
Plaintiff, )
)
v. ) Civil No. 3:09CV274–HEH
)
TIMOTHY A. SMITH, *et al.*, )
)
Defendants. )

# MEMORANDUM OPINION
(Denying Motion To Alter Or Amend Judgment)

Ricky Glendall Davis, a Virginia inmate proceeding *pro se*, brought this civil action against officers of the Suffolk Police Department for conducting an illegal search and seizure in violation of Davis's Fourth Amendment rights. By Memorandum Opinion and Order entered on January 22, 2010, the Court dismissed five of Davis's six claims for failing to state a claim upon which relief could be granted. The Court reserved the remaining claim because it "arguably state[d] a Fourth Amendment claim." (Jan. 22, 2010 Mem. Op. 8.) The claim that the Court reserved concerned the allegedly unreasonable search of Davis's car trunk, in which the officers found ammunition. This ammunition was the direct evidence giving rise to Davis's arrest for felony possession of explosive materials. By Memorandum Opinion and Order entered on September 28, 2010, the Court dismissed the remaining claim on the ground that it was barred by the

rule in *Heck v. Humphrey*, 512 U.S. 477 (1994),[1] and granted summary judgment in favor of Defendants.

On October 7, 2010,[2] Davis filed a document entitled "MOTION AND NOTICE FOR ALTERATION OF FINDINGS OF FACT PURSUANT TO F.R.C.P. 52(b) OR AMENDMENT OF JUDGMENT PURSUANT TO F.R.C.P. 59(e)." In this document, Davis seeks to have the Court alter its September 28, 2010 judgment finding that Davis's remaining claim was barred by *Heck*.

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment within twenty-eight days for three reasons: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). In other words, it is a means by which the district court can correct its own mistakes, thereby "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of

---

[1] In *Heck*, the Supreme Court held that a convicted criminal defendant who brings a civil suit which, if successful, "would necessarily imply the invalidity of his conviction or sentence" fails to state a claim unless he shows that his "conviction or sentence has already been invalidated." 512 U.S. at 487.

[2] This was the date that Davis signed the document. *Houston v. Lack*, 487 U.S. 266 (1988).

the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* (citations omitted).

Davis seeks to have the judgment voided because, he argues, small arms ammunition does not qualify as an "explosive."[3] This argument was fully available for Davis to address prior to the final judgment. Davis failed to raise it. Accordingly, Davis's motion to alter or amend will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec 17, 2010
Richmond, Virginia

---

[3] The Virginia statute under which Davis was arrested prohibits his possession of small arms ammunition. Va. Code. Ann. § 18.2-308.2(D) (West 2006). He argues, however, that 18 U.S.C. § 845(a)(4), which excludes possession of small arms ammunition from the *federal* criminal statute, applies equally to the *state* criminal statutes via 18 U.S.C. § 848.